15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anthel L. BROWN, Plaintiff-Appellant,
v.
Daniel D. RUSSELL, Administrator, Corrections Division;
Jack McCormick, Warden, Montana State Prison,
Defendants-Appellees.
 No. 93-35436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthel Levan Brown, an inmate at Montana State Prison, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 During a nonroutine shakedown search of Brown's cell, prison authorities allegedly damaged his lamp. Brown sued under 42 U.S.C. Sec. 1983, contending that the search deprived him of property without due process and violated his right to be free from unreasonable searches. After discovery, the district court granted the State's motion to dismiss Brown's action under F.R.C.P. 12(b)(6). Brown timely appeals.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 4
 We have appellate jurisdiction under 28 U.S.C. Sec. 1291. We review de novo a 12(b)(6) dismissal, construing all allegations of material fact in the light most favorable to the nonmoving party. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 655 (1992).
 
 III.
 DISCUSSION
 A. Due Process
 
 5
 Brown first argues that defendants' intentional destruction of his lamp while searching his cell violated his Fourteenth Amendment due process rights. This claim fails as a matter of law.
 
 
 6
 Intentional deprivations of a prisoner's property by a prison official do not violate due process "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Where the state provides adequate means for seeking redress of the loss, it satisfies the requisites of due process. Id.
 
 
 7
 Montana's Tort Claims Act, Mont.Code Ann. Secs. 2-9-101 et seq., provides an adequate postdeprivation remedy for the intentional destruction of property by state employees. Even though this remedy "may not provide the respondent with all the relief which may have been available if he could have proceeded under Sec. 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." 468 U.S. at 544.
 
 B. Search and Seizure
 
 8
 Brown next argues that prison officials searched his cell to harass him in violation of his Fourth Amendment rights. The Supreme Court rejected this argument in Hudson v. Palmer, 468 U.S. 517, 530 (1984), holding that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Thus, Brown's second argument also fails as a matter of law.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3